14-1596-cr
*United States v. Soto*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand and fifteen.

Present:
        PIERRE N. LEVAL,
        PETER W. HALL,
        GERARD E. LYNCH,
                *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                *Appellee*,

       v.                                No. 14-1596-cr

ANIBAL RAMOS, JOEL CABRERA, WILLIAM ZACCHI, CHRISTOPHER HERNANDEZ, MICHAEL AVILES, LATRELL RIDDLES, CHARITIZA QUINTANA, also known as Chari, YASMINE ZELAYANDIA, JACQUELINE HERNANDEZ,

                *Defendants*,

ANIBAL SOTO, also known as Sealed Defendant 1,

                *Defendant-Appellant.*
_____

For Defendant-Appellant:    LAWRENCE GERZOG, New York, NY.

1

For Appellee:    MICHAEL D. MAIMIN (Hadassa Waxman and Michael A. Levy *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Patterson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Anibal Soto ("Soto") appeals from a May 1, 2014 judgment of conviction entered in the United States District Court for the Southern District of New York (Patterson, *J.*). A jury found Soto guilty of kidnapping and conspiracy to commit kidnapping in violation of 18 U.S.C. §§ 1201(a) and 1201(c) and was sentenced principally to 210 months' imprisonment. In this appeal, Soto argues that the government's evidence was insufficient to support the jury's finding beyond a reasonable doubt that a telephone was used in furtherance of the kidnapping and that the district court violated the defendant's constitutional rights, and abused its discretion, when it admitted into evidence a telephone call between third parties. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For the reasons stated below, we affirm.

With regard to Soto's claim that the government failed to produce sufficient evidence to satisfy the jurisdictional element of 18 U.S.C. § 1201(a) we must view the evidence "in the light most favorable to the government." *United States v. George*, 779 F.3d 113, 115 (2d Cir. 2015). This court will not disturb a jury's verdict unless the evidence is "so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Cuti*, 720 F.3d 453, 461 (2d

2

Cir. 2013). We review a preserved claim *de novo*. *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004).

18 U.S.C. § 1201(a) makes it a crime to kidnap any person when the offender "uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a). We have held that even an intrastate telephone call constitutes the use of a facility of interstate commerce, in connection with the statute criminalizing murder-for-hire, 18 U.S.C. § 1958, which uses the same term as the kidnapping statute. *United States v. Perez*, 414 F.3d 302, 305 (2d Cir. 2005). *See also United States v. Mejia*, 545 F.3d 179, 203 (2d Cir. 2008). Alexis Rosario ("Rosario") testified that he was kidnapped by Anibal Ramos ("Ramos") and thrown in the back of his car. Rosario's testimony—that during the car ride Ramos "sounded like he was on the phone"—combined with the cell-site map and cell logs, which a reasonable jury could conclude evidenced that calls were made from Ramos's phone to Soto's shortly before and during the kidnapping, is sufficient for a reasonable fact finder to conclude that Ramos used a telephone during the kidnapping. App. 28. Rosario testified further that during Ramos's phone conversation he said, "Yea, I got this n**** right now. I'm going over right now." App. 28. Based on that evidence, a reasonable juror could infer that Rosario was speaking to Soto or another co-conspirator about the kidnapping that he was in the midst of committing. The government's evidence was sufficient for a reasonable juror to find beyond a reasonable doubt that the jurisdictional element under 18 U.S.C. §1201(a) was satisfied.

Soto argues that the district court erred by admitting into evidence a private phone conversation (the "recording") between Ramos and his incarcerated drug supplier, Israel Ayala ("Ayala"). In the recording Ramos admits that he and Soto had participated in Rosario's

3

kidnapping and torture.[1] Soto contends that the district court violated his Sixth Amendment right of confrontation and that the recording was inadmissible hearsay.

As to Soto's constitutional challenge, we review "alleged violations of the Confrontation Clause *de novo*, subject to harmless error analysis." *United States v. Jass*, 569 F.3d 47, 55 (2d Cir. 2009) (internal quotation marks and alterations omitted). The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). An out-of-court statement is testimonial if the "primary purpose" underlying it was to establish an evidentiary record in a manner that might reasonably be expected to be used in a later legal proceeding. *Bullcoming v. New Mexico*, 131 S.Ct. 2705, 2720 (2011) (Sotomayor, *J.*, concurring); *see generally Crawford*, 541 U.S. at 51–52. Here, it is clear the statement at issue was nontestimonial, and neither participant intended it to be used at trial. The district court did not violate Soto's constitutional rights when it admitted the recording into evidence. The "Confrontation Clause simply has no application to nontestimonial statements." *United States v. Feliz*, 467 F.3d 227, 231 (2d Cir. 2006).

Turning to Soto's hearsay argument, we review a district court's evidentiary ruling for abuse of discretion subject to harmless error analysis. *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir. 2001). An error is harmless if we "can conclude that the proof at issue was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) (internal quotation marks

---

[1] Although the statement at issue was a single utterance made by Ramos, during the proceedings below, Soto argued that if the statement was admitted, the district court should also admit the entire recording to provide context. Soto, thus, contests the admissibility of Ramos's isolated statement but not the admissibility of the recording in its entirety.

4

omitted). We need not decide whether the district court abused its discretion when it admitted the recording because other evidence—including Rosario's testimony, DNA evidence, and video evidence—overwhelmingly established that Soto participated in Rosario's kidnapping and torture.

We have considered the defendant's remaining arguments, and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK